

# The Attorney General of Texas

November 3, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

)01 Texas, Suite 700
.10uston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gibson D. Lewis
Speaker
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-86

Re:  Eminent domain powers of
the Fort Worth Regional Trans-
portation Authority

Dear Speaker Lewis:

You have asked two narrow questions regarding the eminent domain powers of the Fort Worth Transportation Authority [hereinafter "the authority"] under article 1118y, V.T.C.S. We will limit our discussion to those questions which are as follows:

(1) If the voters confirm creation of the authority and levy of the proposed sales and use tax, will the authority be empowered to exercise the power of eminent domain without approval of the City Council of the city of Fort Worth?

(2) If the voters confirm creation of the authority and levy of the proposed sales and use tax, will the authority be empowered to use the power of eminent domain to acquire land for a station or terminal complex without approval of the City Council of the city of Fort Worth?

It is apparent to us that the authority is not empowered to exercise the power of eminent domain generally or to acquire land for a station or terminal complex without the approval of the City Council of the city of Fort Worth.

Section 10(e) requires an authority to obtain the consent of a city council before the authority may change, alter, or damage any property or facilities of a city such as streets, alleys, roads, or pipelines. Sections 10(g) and 10(h) require an authority to obtain approval from a city council before the authority may acquire land through exercise of the power of eminent domain. Section 14(c) requires that an executive committee of an authority designate a proposed station or terminal complex as part of a transportation system within a comprehensive service plan approved by resolution of the committee. Section 14(d) requires an authority to obtain approval

of a city council for the location of a station or terminal complex within the city limits or extraterritorial jurisdiction of a city.

You have advised us that the city of Fort Worth comprises the entire area within the jurisdiction of the Fort Worth Transportation Authority. Hence, it is clear that in order for the authority to exercise the power of eminent domain to acquire land for a station or terminal complex or for other purposes, it must have the approval of the Fort Worth City Council.

## S U M M A R Y

The Fort Worth Transportation Authority must obtain the approval of the Fort Worth City Council in order to exercise the power of eminent domain.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Colin Carl
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton